[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10666
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-01428-MHC

JEAN A. SAINT VIL,
GUIRLANDE SAINT VIL,

Plaintiffs-Appellants,

versus

PERIMETER MORTGAGE FUNDING CORPORATION,
et al.,

Defendants,

WELLS FARGO BANK N.A.,
SHAPIRO, SWERTFEGER & HASTY, LLP,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 31, 2017)

Before TJOFLAT, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Jean and Guirlande Saint Vil appeal the dismissal of their action alleging that Georgia's foreclosure statute was unconstitutionally vague; wrongful foreclosure; and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.  They argue that the magistrate judge abused his discretion by denying their motion for leave to file a second amended complaint.  They argue as well that the district court abused its discretion by dismissing their complaint with prejudice.  After careful consideration, we affirm.

## I.

The Saint Vils have limited English-speaking skills and lack the means to hire an attorney to assist them in prosecuting their civil case.  They have a relative, however, named Antoine Wilfrid, who lives in Haiti and has some legal training, but is not a member of the State Bar of Georgia.  Wilfrid assisted the Saint Vils in preparing their court filings, including a motion for leave to file a second amended complaint.  The Saint Vils did not disclose this to the district court, but instead representing themselves to be proceeding pro se and signing all their filings personally.

In October 2014, defendant Shapiro, Swertfeger & Hasty, LLP ("SSH") filed a motion alleging that the Saint Vils' filings were too legally sophisticated to be

2

the work of pro se litigants and asking the court to order them to appear before the court and disclose whether an attorney had assisted them. The Saint Vils filed a response denying they had counsel assist in the preparation of their filings, and the district court denied SSH's motion as moot. The magistrate judge then held a status conference on February 26, 2016, during which Jean Saint Vil was questioned about his need for an interpreter. Jean Saint Vil admitted that Wilfrid had been assisting in researching and drafting the filings. Another status conference was held on March 16, 2016, during which the Saint Vils confirmed through an interpreter that Wilfrid had assisted them in filing all their pleadings. The magistrate judge explained this was unacceptable.

The next day, the magistrate judge issued an order denying the Saint Vils' motion for leave to file a second amended complaint. The order directed the Saint Vils to either proceed pro se or be represented by counsel admitted to practice before the court. The order also directed that Wilfrid could not represent the Saint Vils or draft their filings since he was not an attorney admitted to practice before the court. The magistrate judge said he could not condone the conduct in the case, which resulted in the Saint Vils being given consideration as pro se litigants while secretly being represented by a person with legal training. The magistrate judge instructed the Saint Vils not to file or serve any more documents that Wilfrid had

3

participated in drafting or researching.  He informed the Saint Vils that he would entertain a motion for contempt for any such future filing.

The magistrate judge granted the Saint Vils until March 31, 2016 to obtain counsel to represent them or notify the court in writing that they would be proceeding pro se.  He denied the Saint Vils' motion seeking leave to file a second amended complaint because it had been drafted by Wilfrid.  However, he gave them until April 8, 2016 to file an amended complaint drafted by a retained attorney or by themselves proceeding pro se.  The magistrate judge instructed the Saint Vils that if they elected to proceed pro se, their amended complaint and all other documents filed in this case should include above their signatures the following certification: "We hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that we have authored the foregoing document without assistance from Antoine Wilfrid or any other undisclosed attorney."  He informed the Saint Vils that failure to include the certification would be grounds for striking the document and failure to comply with his order could result in sanctions, including dismissal of the action.

The Saint Vils failed to comply with the magistrate judge's order.  They filed an objection to the order challenging the prohibition on Wilfrid's assistance, without first filing a notice to proceed pro se, or including the required

4

certification.[1]  On December 15, 2016, on SSH's motion for contempt, the magistrate judge issued a final report and recommendation ("R&R") recommending dismissal of the complaint with prejudice due to the Saint Vils' failure to comply with his order.  He also recommended the district judge hold a show cause hearing on why the Saint Vils should not be held in contempt of court. Again, the Saint Vils filed an objection without including the required certification. The Saint Vils argued, in part, that the magistrate judge's order required them to either file an inadequate pleading or hire an attorney they could not afford.

The district court found a clear record of willful contempt in light of the Saint Vils' admission that Wilfrid assisted them in the preparation of every filing they had submitted to the court.  Beyond that, the district court observed that the Saint Vils had given no indication they intended to comply with the magistrate judge's order in the future.  Although the district court declined to institute contempt proceedings, it found that sanctions short of dismissal with prejudice of the Saint Vils' complaint would not be effective.  The district court dismissed the Saint Vils' complaint with prejudice.

## II.

We review for abuse of discretion a district court's denial of leave to amend a complaint.  SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1336

---

[1] The content and style of this filing and later ones, including the Saint Vils' briefs on appeal, are consistent with those researched and drafted by Wilfrid.

(11th Cir. 2010).  We also review for abuse of discretion a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 41.  Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam).

People in federal court generally "may plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  Even so, pro se litigants are required to conform to the procedural rules.  See McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993); Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam).  Rule 11 requires a party's filings to be signed by an attorney for the party or by the party personally if proceeding pro se.  Fed. R. Civ. P. 11(a).  "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  Id.

"Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules."  Gratton, 178 F.3d at 1374.  Because dismissal with prejudice is an "extreme sanction, [it] may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (quotation omitted).  "[D]ismissal upon disregard of an order, especially where the litigant has been

6

forewarned, generally is not an abuse of discretion." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

III.

The magistrate judge did not abuse his discretion in denying the Saint Vils' motion for leave to file a second amended complaint. The motion for leave to amend was written by an unlicensed attorney but signed by the purported <u>pro se</u> litigants. It was therefore improperly filed under Rule 11. And in any event, the magistrate judge's order still granted the Saint Vils an opportunity to file an amended complaint.

Neither did the district court abuse its discretion in dismissing with prejudice the Saint Vils' complaint. The Saint Vils were warned of the potential consequences of failing to comply with the magistrate judge's order, including the possibility of dismissal of the action. Yet they failed to obtain a licensed attorney, even for the limited purpose of contesting the order and the R&R. The Saint Vils also failed to file a notice to proceed <u>pro se</u> and continued to file documents without including the certificate required by the magistrate judge's order.

More importantly, there is evidence to support a finding that the Saint Vils' may have intended to deceive the court with respect to their <u>pro se</u> status. In October 2014, in response to SSH's motion alleging an undisclosed attorney's assistance, the Saint Vils vehemently denied they had any counsel assist in the

7

preparation of their filings.  The Saint Vils' current claims that they were completely candid with the court and readily admitted Wilfrid's assistance do not, therefore, comport with the record before us.  In light of this history, we agree with the district court that the Saint Vils failed to provide any evidence or argument that they intended to comply with the magistrate judge's order.  We affirm the decision of the district court to dismiss the Saint Vils' complaint with prejudice.

**AFFIRMED.**